RESETER v. STATE OF INDIANA.

[No. 13,647.   Filed April 3, 1929.]

*Robert E. Richardson* and *Frank L. Greenwald,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

REMY, J.—Under §§4 and 24 of the act of 1925 (Acts 1925 p. 144, §§2717 and 2740 Burns 1926), appellant was

charged by affidavit in three counts with: (1) Selling; (2) possessing intoxicating liquor; and (3) maintaining a common nuisance. Jury trial resulted in a conviction on each of the three counts.

The only question presented by this appeal is the sufficiency of the evidence to sustain the verdict.

It appears from the evidence that, at the time charged in the affidavit, appellant was conducting a small store in the factory district in the city of Whiting, where he sold shoes, gloves and handkerchiefs, also sandwiches and soft drinks. In rooms adjoining the storeroom, a part of the same building, appellant lived with his family; and in his absence from the store, appellant's wife sometimes waited upon customers. No woman except appellant's wife assisted in the conduct of the store. Witness Nutter, produced by the State, testified that on November 11, 1926, he, in company with another, called at the store and purchased of appellant two drinks of whisky, paying therefor to appellant twenty cents each for the drinks, and that they were at the time drunk upon the premises. The same witness testified that, on November 20, 1926, the date charged in the affidavit, he, in company with witness Jay and another, went to the store of appellant, at which time he again purchased two drinks of whisky, which were at the time of purchase drunk upon the premises by himself and one of the men who had accompanied him to the place. The drinks on that occasion were purchased of, and served by, a woman who was there. The witness further stated that while he and his companions were in the store, and just after the whisky had been consumed, appellant came into the storeroom and fixed the fire. As to the sale and consumption of whisky, on November 20, 1926, Nutter was in all things corroborated by Jay, who also testified as a witness for the State. It also appears from the evidence that, at the time appellant was

arrested, he signed a statement in which he admitted that he had been selling intoxicating liquors at his store for about three months. Appellant as a witness in his own behalf admitted signing the statement, but explained that he was nervous at the time and did not know what he was doing. The evidence also shows that he had previously been convicted for violation of the liquor laws. Appellant testified as a witness in his own behalf, but offered no other testimony.

Appellant virtually admits in his brief that the evidence is sufficient to sustain a conviction for selling intoxicating liquor, but contends that it is not sufficient to sustain a verdict of guilty on the counts of possession and maintaining a nuisance. There is no merit in this contention. By making the sale, appellant exercised the right of control over the whisky and the right to transfer the title. Although there is no property right in illicit liquor, nevertheless the liquor was, at the time, in his store, and, by the act of selling, appellant held himself out as the owner thereof. This is not a case of temporary possession or control merely for the purpose of taking a drink or of handing it to another. Clearly, the evidence is sufficient to sustain the finding that appellant was in unlawful possession of intoxicating liquor as charged in the first count.

It is argued by appellant that the evidence does not establish the existence of a nuisance for the reason that but two sales were proved, and those sales "nine days apart." Whether proof of these two sales would be sufficient, it is not necessary to decide, for there is other evidence. Appellant, in a signed statement, admitted that he had been selling intoxicating liquor at his store for about three months. Evidently, the trial court had misgivings as to the truthfulness of appellant's story that, because of nervousness, he did not know what he was doing at the time he signed the

statement. The evidence, when all taken together, is sufficient to sustain the verdict of guilty on the nuisance count.

Affirmed.